KNAPP v. MAYOR AND COUNCIL OF HOBOKEN.

1. Bonds and other securities issued by municipal corporations under legislative authority, as a means of raising money on a credit, and designed to be put in the market, and go into circulation by commercial usage, have obtained the quality and attributes of commercial paper, in respect of their transfer, among which is immunity, in the hands of *bona fide* holders, from defences to which they would be subject in the hands of the original parties.
2. But ordinary corporation orders, warrants, and certificates of indebtedness, which are merely evidences of indebtedness or obligations to pay, are not within this principle. If negotiable in form, they are negotiable in character, so far as to enable the holder to sue in his own name, but they are not commercial or negotiable paper in the hands of holders, so as to exclude inquiry into the legality of their issue, or preclude defences thereto.
3. A municipal corporation has no power to invest its obligations with the character and incidents of commercial paper, so as to render them unassailable by defences to which they would be subject in the hands of the immediate parties, unless such power is conferred by legislative authority, either express or clearly implied.
4. A plea containing matters occurring before suit brought, should not be pleaded as a plea *puis darrein continuance*, though filed by way of amendment, by permission of the court. An averment in such plea, that "the plaintiff ought not *further* to maintain his action," is informal.

In debt. On motion to strike out pleas.

Argued at February Term, 1877, before Justices DEPUE, VAN SYCKEL and SCUDDER.

For the motion, *James Flemming*.

*Contra, J. W. Vroom* and *R. Gilchrist*.

The opinion of the court was delivered by

DEPUE, J. The plaintiff's declaration contains thirteen counts, the first six of which are upon improvement certificates of indebtedness under seal, issued by the city to pay

the cost of improving Thirteenth street. The remaining counts are the ordinary common counts on an indebtedness for work done, money laid out and expended, &c.

To this declaration, the defendant pleaded nineteen pleas. The plea of *non est factum* to the first six counts, and of *nil debit* to the remaining counts, were properly pleaded. The other seventeen pleas are special pleas to the first six counts. These the plaintiff moves to strike out as irregular, defective, and so framed as to prejudice or embarrass a fair trial of the action.

The counts in the plaintiff's declaration, which are framed on the improvement certificates, are each, in substance, as follows : that the defendants being indebted to the said James Coughlin and Michael Callahan, on the 25th day of Februaruary, in the year 1871, in and by virtue of the powers vested in them, made, executed, and delivered under the seal of the said city of Hoboken, a certain bond or obligation, in writing, commonly called an improvement certificate, sealed with the seal of said city, the sealing whereof is attested by the signature of the mayor of said city and the clerk of the said city, and the said defendants thereby certified that the said James Coughlin and Michael Callahan were entitled to receive from the treasurer of said city of Hoboken, and said defendants did covenant and bind themselves to pay to them, by the name of Coughlin & Callahan, or to the holder thereof, the sum of $5000, for work and materials on Thirteenth street, from Clinton street to the Hill, with interest thereon, to be computed from a date thirty days after the confirmation of the assessment for said improvement, in such amounts of money on the said assessment as should come to the hands of the treasurer; and it was further provided that said certificate or obligation should be receivable in payment of the assessment aforesaid, and should be transferable by endorsement. And the said defendants did, in and by said certificate or obligation, bind themselves and their successors to use due diligence in making and collecting the said assessment; and in case the said assessment should not be collected

to meet the said certificate, then the said defendants did bind themselves and their successors to pay the said sum of $5000, within two years from the date of the confirmation of said assessment for said improvement, to the holder of said certificate, with interest at the rate of seven per cent. per annum, upon thirty days' notice of default in collection of the assessment.

The assignment of these certificates, respectively, to one Theophilus Butts, and by him to the plaintiff, was duly averred in each of said counts.

An averment is also made in each of said counts, of the making and the confirmation of the assessment of the costs of said improvement on the 20th of February, 1871.

The breaches assigned are, (1) non-payment after thirty days from the expiration of two years from the confirmation of the assessment and notice, &c., and (2) failure to use due diligence in the collection of the assessment.

The validity of the certificates and the sufficiency of the plaintiff's declaration thereon, were adjudged by the court on demurrer to the declaration. *Knapp* v. *Hoboken*, 9 *Vroom* 371.

The third plea (which is the first of the pleas to which this motion is directed), is based upon allegations of fraud in inducing the city to undertake the improvement, and in the letting of the contract for the improvement to Coughlin and Callahan, and in the execution of the work in payment of which the certificates were issued.

The plaintiff contends that this entire defence, in all its parts, is inadmissible as against him, for the reason that the plea contains no averment that the plaintiff was a participant in the fraud, or that he became the holder in bad faith, with notice of the fraud which infected the transaction, and without consideration. In actions by the assignee, or transferee, upon instruments negotiable in the broadest sense, such as bills, notes and ordinary commercial paper, where the contract is invalid as between the parties to it, for fraud, as distinguished from mere failure of consideration, a defendant

need not prepare the way for putting in his defence, by show-
ing the infirmity of the plaintiff's title. Fraud in the incep-
tion of the instrument being established, the burden is laid
on the plaintiff to build up a title in himself better than that
of the original party. He can recover only in virtue of the
merits of his own title, arising from the consideration he has
paid, and the circumstances under which it came to his hands.
*Duncan* v. *Gilbert*, 5 *Dutcher* 521 ; *Holcomb* v. *Wyckoff*, 6
*Vroom* 35 ; *Dresser* v. *M. & I. R. R. Co.*, 93 *U. S.* (3 *Otto*), 92.

But a defence of this character is admissible as against the
holder of securities of this kind, on broader grounds. The
instrument is assignable, so as to enable the assignee to sue
in his own name, but the assignee takes subject to the equities
between the original parties. It was so held by the Supreme
Court in this case, when it was before the court on a former
occasion. *Knapp* v. *Hoboken*, *supra*. Bonds and other
securities issued by municipal corporations under legislative
authority, as a means of raising money on a credit, and
designed to be put upon the market, and to go into circula-
tion, by commercial usage have obtained the quality and
attributes of commercial paper, in respect of their transfer,
among which is immunity, in the hands of *bona fide* holders,
from defences to which they would be subject in the hands
of the original parties. *Boyd* v. *Kennedy*, 9 *Vroom* 146, and
cases cited. But ordinary corporation orders, warrants and
certificates of indebtedness, which are merely evidences of
indebtedness or obligations to pay, are not within this prin-
ciple. If negotiable in form, they are negotiable in character
so far as to enable the holder to sue in his own name; yet
they are not commercial or negotiable paper in the hands of
holders, so as to exclude inquiry into the legality of their
issue, or preclude defences thereto. 1 *Dillon on Mun. Corp*,
§ 406 ; *Dillon on Mun. Bonds*, § 5. This distinction between
the effect of the two classes of obligations issued by munici-
pal corporations, is supported by the great weight of authority,
and is founded on correct principle. An interesting discussion
of the powers of such corporations to create such paper, and

clothe it with immunity from defences when in the hands of subsequent holders, will be found in the opinions of Mr. Justice Bradley, in *The Mayor* v. *Ray*, 19 *Wall.* 468, and of Chief Justice Beasley, in *Town of Hackettstown* v. *Swackhamer*, 8 *Vroom* 191. In both these opinions ground is taken decidedly against the power of municipal corporations to invest their obligations with the character and incidents of commercial paper, so as to render them, in the hands of *bona fide* holders, unassailable by defences to which they would be subject in the hands of the immediate parties, unless such power is conferred by legislative enactment, either express or clearly implied. The securities sued on in this case are not shielded from such defences by any legislative authority, either expressly granted or arising from an implication derived from the purpose for which they were issued. They are only certificates of indebtedness, mere obligations to pay, not intended for circulation in the market, and only designed as the liquidation of a debt due from the city to the persons to whom they were issued.

The defence of fraud, in the instruments sued on, is available as against the plaintiff, if the fraud be such as would afford a defence to an action by the original parties, and it is properly pleaded.

The plea is wanting in that conciseness which is an essential quality of pleading. It occupies sixteen closely-printed pages in the book, and contains a statement of the evidence by which the defendants expect to prove the defence, rather than a statement of the grounds of the defence. For that reason alone the plea would be liable to be struck out. This defect might be easily remedied. But the plea is defective in another respect that cannot be cured by amendment. The certificates sued on were issued to Coughlin & Callahan, for work done by them under a contract with the city. The work was done and the certificates issued for the contract price. It is admitted in the plea that the city derived a benefit therefrom in the improvement of lands in the city, liable to assessment therefor, to the amount of $31,068. The

complaint is, that by fraudulent practices, to which the con-
tractors were parties, the city was induced to make a contract
for the improvement, and to pay the contractors $74,441.43
for work previously estimated to cost only $23,478.35, and
which, in fact, enured to the benefit of the city only in the
amount of $31,068.   The defence is of only a partial failure
of consideration.   Such a defence may be made at the trial
in reduction of the quantum of recovery, but cannot be
pleaded in bar of the action.   It was so decided by the Court
of Errors in *Lord* v. *Brookfield*, 8 *Vroom* 552.   Whether the
facts set forth in the plea will make out a defence to that
limited extent, must be left for decision at the trial.   We are
not called upon to express an opinion on that subject on this
motion.

The ninth, tenth and eleventh pleas specially deny that the
mayor was authorized to sign, or the clerk to seal, the certifi-
cate, and that it was issued by authority emanating from the
defendants.   These pleas may stand.   The twelfth, thirteenth
and fourteenth pleas tender an issue as to the power of the
corporation to issue securities of this character, which should
be raised by demurrer, and was decided when this case was
before the court on a demurrer.

The seventeenth plea was intended as a traverse of the
second of the breaches assigned.   As a traverse, it is too
large.   It is struck out.

The eighteenth plea was intended to present the question
whether an assessment made, which was illegal, and was,
therefore, set aside on legal grounds, was such an assessment
as was contemplated by the parties as the condition on which
the money was made payable.   This question is one of too
much importance to be decided on this motion.   The plaintiff,
if he desires to moot that question, may do so by demurrer.
This plea must stand.

The remaining pleas either tender issues on immaterial
matters or on averments in the declaration, which are mere
matters of inducement, or are in denial of the legal effect of
the certificates, and of the extent or sufficiency of the consid-

eration.    So far as the subject matter of these pleas is material, it will be available to the defendant under the plea of *non est factum*.    These pleas are struck out.

It may be remarked that in several of these pleas the prefatory averment "that the plaintiff ought not *further* to maintain his action," is made.    This is proper in form where matters occurring after the commencement of the suit are pleaded *puis darrein continuance*.    But the matters contained in these pleas all arose before suit was brought, and, therefore, the pleas are not pleas *puis darrein continuance*, though they were filed by way of amendment, by permission of the court, after the defendant had pleaded to the declaration. The error is one of form, and was the result of inadvertence in the pleader, and requires nothing more than mere mention by the court.

Both parties succeeding on the motion, there will be no costs allowed.